## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ROBERT P. DONALDSON,** )
**KAREN T. DONALDSON,** )
       )
          Plaintiffs, )
       )
vs. )  Case No.:6:09-CV-1049-ORL-28GJK
       )
       )
**UNITED STATES OF AMERICA,** )
       )
          Defendant. )
_____)

## PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSE OF UNITED STATES OF AMERICA TO PLAINTIFFS' FIRST AND SECOND REQUEST FOR ADMISSIONS OF FACT AND INCORPORATED MEMORANDUM OF LAW

Plaintiffs ROBERT P. DONALDSON and KAREN T. DONALDSON, by and through their undersigned counsel, pursuant to Federal Rule of Civil Procedure Rule 36(a)(6), move this Honorable Court to determine the sufficiency of the Responses of the United States of America to Plaintiffs' Request for Admissions and as grounds therefore state as follows:

1. Plaintiffs served a Request for Admission of fact within the scope of Rule 36 (a)(1) (A) and (B) relating to a civil deposition of former U.S. Navy officer Michael J. Ridge taken in Norfolk, Virginia, in the then pending state court action. The deposition was prior to the removal of this civil action to the United States District Court, Middle District of Florida, by the Certificate of the U.S.

Attorney, Brian Albritton that then First Lieutenant Michael J. Ridge was on a military mission at the time of a vehicular accident in Seminole County, Florida on June 22, 2007. See Exhibit A.

2. The United States is relying upon the facts stated in that deposition by Lieutenant Ridge in part for its substantive defense on civil liability to the claims of Plaintiff. (See Exhibit B, the Defendant's interrogatory answers referencing the deposition) In answering interrogatory #10 regarding the course and scope of his employment, the Defendant described testimony in Lieutenant Ridge's deposition testimony to support its interrogatory answer and position regarding course and scope of employment. Defendant also relied upon Ridge's deposition testimony to support its response to interrogatory #13 in describing how the accident occurred.

3. Plaintiffs sought from the U.S. an admission pursuant to FRCP 36 that the prior deposition of Michael Ridge complied with the form of an affidavit under Florida and Virginia law. The purpose of this Request for Admission is to authorize the court to consider the deposition testimony as the precise identical testimony as occurred in the state court action. In short, as a sworn deposition of a U.S. Naval officer, Plaintiffs are seeking to avoid a

requirement to re-depose Lieutenant Ridge in this Federal
court action merely to elicit the identical testimony to
allow it to be considered by this Court in ruling upon this
motion.

4. In response to good faith contact with the Assistant U.S.
Attorney representing the United States in this matter,
counsel was unable to obtain a stipulation or agreement to
authorize the consideration of the deposition of Michael J.
Ridge as the equivalent of an affidavit under Florida or
Virginia law.

5. In its response to the First Request for Admission, the
Assistant U.S. Attorney objected solely on the basis that
he evidently interpreted the Request for Admission to be
pursuant to Rule 36 (a)(1)(B). That is, although the U.S.
served interrogatory answers relying upon the deposition
(See Exhibit B), the objection from the Assistant U.S.
Attorney was that because there was no copy of the
deposition attached to the first Request for Admission,
counsel for the U.S.A. could not in good faith admit the
authenticity of the deposition or its form as complying
with the lawful requirements of an affidavit under Virginia
or Florida law.

6. In response to that objection, Plaintiffs' counsel served a
Second Request for Admissions. (See Exhibit C). The

response to this Second Request for Admissions, (see
Exhibit D), denied the Request for Admissions and cited
Federal Rule 30.  Federal Rule 30 establishes the
requirements for a deposition to be taken in any civil
action pending in the U.S. District Court, Middle District
of Florida.

7.  Plaintiffs' counsel contends the denial is an insufficient
response to the Second Request for Admission by the U.S. It
does not comply with Federal Rule 36(a)(4).  Pursuant to
FRCP 36(a)(4), if the factual matters are not admitted, the
answer must specifically deny it or state the reasons for
the denial.  As can be seen in Exhibit D, no such answer or
explanation was provided.  A citation to the Federal rule
does not suffice as a reason.

8.  Plaintiffs are requesting the Court to determine that the
answer of the U.S.A. to the Second Request for Admission
does not comply with Rule 36.  If the court makes that
determination, Plaintiffs are requesting the court to deem
Plaintiffs' Second Request for Admission admitted in
compliance with Federal Rule 36(a)(6).  As previously
stated, it is clear that the Defendant has been in
possession of the deposition prior to the First Request for
Admission and has been relying on the deposition as sworn

evidence to support its position and defenses in this matter.

9. The practical effect of an admission by the U.S. that the previous testimony of then Lieutenant Ridge complies with the requirements of Florida and Virginia law as to an affidavit is that the Court can rely upon sworn testimony in resolving motions filed in this Court. Specifically, Plaintiffs would request that the deposition be considered to rule upon the merits of the Plaintiffs' Motion for Partial Summary Judgment on the Applicability of the Federal Tort Claims Act to be filed in the near future.

10. Counsel states in compliance with Local Rule 3.01 (g) that he conferred with defense counsel in a good faith effort to resolve the issues contained in this motion, and counsel were unable to agree on a resolution of the motion.

WHEREFORE, Plaintiffs move this Honorable Court to grant the motion herein.

### INCORPORATED MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSE OF UNITED STATES OF AMERICA TO PLAINTIFFS' FIRST AND SECOND REQUEST FOR ADMISSIONS OF FACT

PLAINTIFFS, in compliance with Rule 3.01(a) of the Local Rules for the Middle District of Florida, serve this Memorandum of Law in support of Plaintiffs' Motion to Determine Sufficiency of Response of United States of America to Plaintiffs' First and Second Requests for Admissions of Fact as follows:

Plaintiffs incorporate the arguments and citations to the applicable rules of civil procedure contained in the motion as a Memorandum of Law. Rule 36 authorizes the use of a discovery request to narrow issues of fact for purposes of resolving issues among parties in the U.S. District Court. Plaintiffs properly served an initial Request for Admission of Fact. The original response of the Assistant U.S. Attorney was to deny the request for admission, asserting there had been no stipulation or agreement by the U.S. that the deposition at issue was authentic or genuine pursuant to RCP 36(a)(2). Plaintiffs' counsel requests the court to determine the U.S. has waived any argument as to the authenticity or genuineness of the transcribed deposition of Michael Ridge by failing to respond to the merits of the request.

The court should not permit the U.S. to rely upon the deposition for purposes of supporting the immunity defense to

benefit Michael Ridge in answering interrogatories under oath
while simultaneously asserting that there is some unspecified
defect in the transcription of the deposition that precludes its
acceptance as an affidavit for use by the court in resolving
legal issues based upon the facts in the deposition.

Plaintiffs also request the court, as an alternative
argument, to determine the response to the Second Request for
Admissions of Fact as insufficient as a matter of law. The
denial cites a Federal Rule of Civil Procedure. As filed, the
denial does not comply with the rules because it fails to follow
precisely the requirements of the applicable Federal Rule of
Civil Procedure. Either a denial without a citation, or a
denial with an explanation and a citation would comply with the
applicable Rule.

Finally, in the interest of resolving the immunity defense
on its merits, and as a second alternative, Plaintiffs contend
the court has the discretion to accept as filed the Ridge
deposition as a deposition in compliance with Rule 32(a)(8) of
the Federal Rules of Civil Procedure to allow the sworn
deposition of Lieutenant Ridge to be relied upon by the court as
it is being relied upon by the U.S.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the

foregoing has been furnished via U.S. Mail, postage prepaid to

Ralph E. Hopkins, Assistant U.S. Attorney, 501 West Church Street,

Suite 300, Orlando, Florida 32805 (Attorney for United States)

this _25th_ day of _August_ , 2010.

David Beers
Florida Bar No.: 0209872
Beers & Gordon, P.A.
821 Douglas Ave., Suite 185
Altamonte Springs, FL 32714
(407) 862-1825  Telephone
(407) 862-9146  Facsimile
ATTORNEY FOR PLAINTIFFS

*PLAINTIFFS' MOTION TO DETERMINE SUFFICIENCY OF RESPONSE OF UNITED STATES
OF AMERICA TO PLAINTIFFS' FIRST AND SECOND REQUEST FOR ADMISSIONS OF FACT
AND INCORPORATED MEMORANDUM OF LAW
Donaldson v. U.S.A.
6:09-CV-1049-ORL-28GJK*

- 8 -

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:09-CV-1049-ORL-28GJK

**ROBERT P. DONALDSON, KAREN T. DONALDSON,**

Plaintiffs,

vs.

**UNITED STATES OF AMERICA,**

Defendant.

_____/

## PLAINTIFF, ROBERT P. DONALDSON'S REQUEST FOR ADMISSIONS TO DEFENDANT, UNITED STATES OF AMERICA

Plaintiff, ROBERT P. DONALDON, by and through his undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure requests that the Defendant, UNITED STATES OF AMERICA, admit the following facts:

### DEFINITIONS AND INSTRUCTIONS

A. When and admission or denial requires the knowledge or information of the Defendant, such request includes the knowledge of all officers, employees, agents, representatives, and attorneys of the Defendant. Unless it otherwise appears from the context, a request for the identity of a particular person relates to all persons in such classification or category.

EXHIBIT A

B.    You," "your" and "Defendant" refers to the Defendant to whom and which these requests are directed.    Information sought in these requests from you shall include information within the knowledge or possession of your officers, agents, employees, attorneys, investigators (including investigators for your attorneys), and any other person or entity directly or indirectly subject to your control.

C.    "Document" means any written, recorded or graphic matter, however produced or reproduced, and whether or not now in existence, including but not limited to, correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data, stenographer's notebooks, desk calendars, appointment books, diaries, audio or video recordings, or paper similar to any of the foregoing, however denominated.    It includes all matter that related or refers in whole or in part to the subjects referred to in any request.

D.    The Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and

that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it.

E. If you cannot answer any portion of any of the following, after exercising due diligence to secure the information to do so, so state, and admit or deny to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

F. Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding.

**REQUESTS FOR ADMISSION**

1.  Admit that the deposition of Michael J. Ridge taken on June 20, 2008 is a valid affidavit of Michael J. Ridge pursuant to both Virginia and Florida law.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid to Ralph E. Hopkins, Assistant U.S. Attorney, 501 West Church Street, Suite 300, Orlando, Florida 32805 (Attorney for United States) this 22nd day of June, 2010.

/s/David Beers

David Beers
Florida Bar No.: 0209872
Beers & Gordon, P.A.
821 Douglas Ave., Suite 185
Altamonte Springs, FL 32714
(407) 862-1825  Telephone
(407) 862-9146  Facsimile
ATTORNEY FOR PLAINTIFFS

Defendant further objects that the interrogatory seeks evidence which is inadmissible and not likely to lead to the discovery of admissible evidence. Notwithstanding this objection, and without waiving same, the United States answers that Mr. Ridge has not been convicted of any crime of moral turpitude, fraud, misrepresentation, or false statements.

9.      Did Michael John Ridge wear glasses or contact lenses? If so, who prescribed them, when were they last prescribed, when were his/her eyes last examined and by whom?

No.

10.     Describe all facts that support your contention that Michael John Ridge was in the course and scope of his duties as a federal employee at the time of the subject accident.

Michael John Ridge filed a petition for certification in the Circuit Court Seminole County FL , case no. 2008-CA-001004-15-L, making the assertion that he was in the course and scope of his duties as a federal employee at the time of the subject accident.

Mr. Ridge supported his petition with his deposition transcript of June 20, 2008, as well as his no cost orders for a period of 97 days from Commander Operational Test & Evaluation Forces, dated May 11, 2007. Mr. Ridge testified he was en route to

7

EXHIBIT B

picking up other Military All Star baseball players to travel to the next game in Monroe, North or South Carolina.

In response, based on the information then available, the United States Attorney certified Mr. Ridge as acting within the scope of employment on June 3, 2009 pursuant to the provisions of 28 U.S.C.§2879(d)(2) and by virtue of the authority vested in him by the Attorney General under 28 C.F.R. §15.4.

Other relevant documents to this issue, include a 23 April 2007 Terrence Allvord letter re the selection of Michael Ridge to the "Military All Stars" baseball team; Metropolitan Casualty Insurance Company's Motion to add United States as a defendant, filed January 12, 2009, and the police report #76744410 for the subject accident, which indicates the vehicle had been obtained by the US Navy for transport of personnel involved in military Athletics in several states.

12.    Did the MICHAEL JOHN RIDGE have liability insurance coverage that protects him/her from the damages sought by the Complaint?

Michael Ridge had a personal insurance policy with State Farm Insurance, Pennsylvania policy form 9838A. State Farm provided a defense to Michael Ridge in the state court action until the United States attorney's office certified Mr. Ridge as acting within the scope of employment at the time of the accident in question.

The vehicle Michael John Ridge was driving was rented from Avis. Terry Allvord, had a personal insurance policy with GEICO, policy number 0742-09-85-02. On February 2, 2009, GEICO also issued a denial letter to Michael Ridge.

8

the right front corner by the bicycle ridden by plaintiff, which was traveling the wrong direction on a one way highway. The rider of the bicycle fell into the highway in front of the Avis vehicle. 911 was called and the police arrived on the scene in approximately 5 minutes.

Defendant also refers plaintiff to the deposition of Michael John Ridge, dated June 20, 2008, for any additional factual information.

14.     Do you intend to call any non-medical expert witnesses at the trial in this case? If so, please identify each witness; describe his/her qualifications as an expert; state the subject matter upon which he/she is expected to testify; state the substance of the facts and opinions to which he/she is expected to testify, and give a summary of the grounds for each opinion.

Objection. Disclosure of expert witnesses is governed by the deadlines established in the Case Management and Scheduling Order.

15.     List the names, business addresses, and business telephone numbers of all medical doctors by whom, and all hospitals or federal facilities that MICHAEL JOHN RIDGE had been examined or treated in the past 5 years.

Defendant objects to this interrogatory on the grounds that it violates Michael John Ridge's right to medical privacy. Mr. Ridge's medical condition is not at issue in this litigation.

10

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

Case No.: 6:09-CV-1049-ORL-28GJK

**ROBERT P. DONALDSON, KAREN T. DONALDSON,**

Plaintiffs,

vs.

**UNITED STATES OF AMERICA,**

Defendant.

_____/

## PLAINTIFF, ROBERT P. DONALDSON'S SECOND REQUEST FOR ADMISSIONS TO DEFENDANT, UNITED STATES OF AMERICA

Plaintiff, ROBERT P. DONALDSON, by and through his undersigned counsel, pursuant to Rule 36 of the Federal Rules of Civil Procedure requests that the Defendant,    UNITED    STATES OF AMERICA, admit the following facts:

### DEFINITIONS AND INSTRUCTIONS

A.    When and admission or denial requires the knowledge or information of the Defendant, such request includes the knowledge of all officers, employees, agents, representatives, and attorneys of the Defendant.    Unless it otherwise appears from the context, a request for the identity of a particular person relates to all persons in such classification or category.

**EXHIBIT C**

B. You," "your" and "Defendant" refers to the Defendant to whom and which these requests are directed. Information sought in these requests from you shall include information within the knowledge or possession of your officers, agents, employees, attorneys, investigators (including investigators for your attorneys), and any other person or entity directly or indirectly subject to your control.

C. "Document" means any written, recorded or graphic matter, however produced or reproduced, and whether or not now in existence, including but not limited to, correspondence, telegrams, notes or sound recordings of any type of personal or telephone conversations, or of meetings or conferences, minutes of meetings, memoranda, interoffice communications, studies, analyses, reports, results of investigations, reviews, contracts, agreements, working papers, statistical records, ledgers, books of account, vouchers, bank checks, invoices, receipts, computer data, stenographer's notebooks, desk calendars, appointment books, diaries, audio or video recordings, or paper similar to any of the foregoing, however denominated. It includes all matter that related or refers in whole or in part to the subjects referred to in any request.

D. The Defendant may not give lack of information or knowledge as a reason for failure to admit or deny unless that party states that that party has made reasonable inquiry and

that the information known or readily obtainable by that party is insufficient to enable that party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not object to the request on that ground alone; the party may deny the matter or set forth reasons why the party cannot admit or deny it.

E.   If you cannot answer any portion of any of the following, after exercising due diligence to secure the information to do so, so state, and admit or deny to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

F.   Any matter admitted under this rule is conclusively established unless the court on motion permits withdrawal or amendment of the admission. Any admission made by a party under this rule is for the purpose of the pending action only and is not an admission for any other purpose nor may it be used against that party in any other proceeding.

## REQUESTS FOR ADMISSION

1. Admit that the deposition of Michael J. Ridge taken on June 20, 2008 is a valid affidavit of Michael J. Ridge pursuant to both Virginia and Florida law. *See copy of deposition transcript attached hereto as Exhibit A.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid to Ralph E. Hopkins, Assistant U.S. Attorney, 501 West Church Street, Suite 300, Orlando, Florida 32805 (Attorney for United States) this 15th day of July, 2010.

David Beers
Florida Bar No.: 0209872
Beers & Gordon, P.A.
821 Douglas Ave., Suite 185
Altamonte Springs, FL 32714
(407) 862-1825  Telephone
(407) 862-9146  Facsimile
ATTORNEY FOR PLAINTIFFS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ROBERT P. DONALDSON, and
KAREN T. DONALDSON, his wife,

        Plaintiffs,

vs.                            Case No. 6:09-cv-1049-Orl-28GJK

UNITED STATES OF AMERICA,

        Defendant.

## UNITED STATES OF AMERICA'S RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS

COMES NOW the United States of America, by and through the undersigned Assistant United States Attorney, and pursuant to Rule 36, Fed. R. Civ. P., responds to Plaintiffs' Second Request for Admissions, as follows:

### REQUEST FOR ADMISSIONS

1.    Admit that the deposition of Michael J. Ridge taken on June 20, 2008 is a valid affidavit of Michael J. Ridge pursuant to both Virginia and Florida law.

**Response:**  Denied. *See,* Rule 30, Fed. R. Civ. P.

Dated: August 13, 2010           Respectfully submitted,

                              A. BRIAN ALBRITTON
                              United States Attorney

By     s/ Ralph E. Hopkins
                Ralph E. Hopkins
                Assistant United States Attorney
                Florida Bar No. 0972436
                501 West Church Street, Suite 300
                Orlando, Florida 32805
                407/648-7500
                FAX 407/648-7588

**EXHIBIT D**

ralph.hopkins@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2010, I mailed by United States mail the foregoing **RESPONSE TO PLAINTIFFS' SECOND REQUEST FOR ADMISSIONS** to the following:

David Beers, Esq.
821 Douglas Ave., Suite 185
Altamonte Springs, FL 32714

/s/ Ralph E. Hopkins
Ralph E. Hopkins
Assistant United States Attorney

2