UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

Case No.: 6:09-CV-1049-ORL-28GJK

ROBERT P. DONALDSON,
KAREN T. DONALDSON,

     Plaintiffs,

vs.

UNITED STATES OF AMERICA,

     Defendant.

_____/

## PLAINTIFFS' MOTION FOR RECONSIDERATION OF COURT ORDER GRANTING DEFENDANT'S MOTION TO LIMIT THE TESTIMONY OF GERMAN MONTOYA, M.D. AND MEMORANDUM OF LAW IN SUPPORT

Plaintiffs, ROBERT P. DONALDSON and KAREN DONALDSON, by and through their undersigned counsel, pursuant to Rule 3.01 of the Local Rules of the United States District Court, Middle District, and in compliance with the Court's order rendered at Pre-Trial conference on Thursday, May 5, 2011, serves this Memorandum of Law in Support of Plaintiff's Ore Tenus Motion for Reconsideration of Court's order granting the Defendant UNITED STATES OF AMERICA's Motion to limit testimony of German Montoya, M.D.

## CONCISE STATEMENT OF RELIEF REQUESTED

Plaintiffs request the Court to deny the objection of the Defendant, United States of America (hereinafter "United States" or "U.S."), to the portions of the opinion testimony in the deposition of German Montoya, M.D., to be proffered by Plaintiff in its case in chief during the non-jury trial to be conducted by this Court on Wednesday, May 18, 2011. Alternatively, Plaintiffs request the Court to consider exercising its inherent authority to bifurcate the trial and determine the issues of liability during the trial day of Wednesday, May 18, 2011. If the Court determines liability adverse to the United States, then Plaintiffs request the Court to grant the United States additional time to retain a medical expert in opposition to Dr. Montoya's testimony, and/or permit the Defendant a compulsory physical examination of Mr. Donaldson. Plaintiff contends this procedure would cure any claimed prejudice to the United States from the absence of a medical expert at the time of the preparation of the final joint pre-trial compliance served in this civil action.

## STATEMENT OF THE BASIS FOR THE REQUEST

The Court has the inherent authority pursuant to Federal Rule of Civil Procedure 16(K) to dispose of pending motions and

Federal Rule of Civil Procedure 42(B) to order a separate trial of any issue. The Court ordered Plaintiffs' counsel to present the Court with a memorandum of law if the Plaintiffs sought relief from the Court's ruling as ordered during the pre-trial conference of Thursday, May 5, 2011, limiting the admissibility of Dr. Montoya's testimony to be proffered at trial by Plaintiffs by deposition.

## MEMORANDUM OF LEGAL AUTHORITY IN SUPPORT OF REQUESTED RELIEF

The objection by the United States to portions of Dr. Montoya's opinion testimony seeks to exclude testimony that Plaintiffs maintain was disclosed in compliance with the Federal Rules of Civil Procedure. Plaintiffs contend a treating physician such as Dr. Montoya that has not been specially retained to offer expert opinion testimony is within the exception to compliance with Federal Rule 26(a)(2)(B).

Like the other provisions of Rule 26, the expert requirement turns on the substance of the testimony of the witness, not the status or categorization of the witness. *Singletary v. Stops, Inc.,* 2010 WL 3517039 (M.D.Fla.) citing *Brown v. Best Foods,* 169 F.R.D. 385, 388 (N.D.Ala. 1996) ("The plaintiff can []not avoid the requirements of Rule 26 by simply indicating that [her] experts are plaintiff's treating

physicians….Rule 26 focuses not on the status of the witness, but rather the substance of the testimony." (quoting *Bucher v. Gainey Transp. Serv. Of Ind.,* 167 F.R.D. 387, 389 (M.D.Pa. 1996)).

However, a treating physician does not need to submit an expert report if planned testimony was acquired "not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit." (citing *Baratta v. City of Largo*, No. 8: 01-CV-1894-T-EAJ, 2003 WL 25686843, at 2-3 (M.D. Fla. Mar. 18, 2003) (quoting Fed.R.Civ.P. Rule 26 advisory committee's note, 1993 amendment)). Thus, a physician designated as an expert witness may give expert testimony without an expert report on matters "based on the examination and treatment of the patient." *Id.* at 2 (citing *Shapardon v. West Beach Estates*, 172 F.R.D. 415, 416 (D. Haw. 1997)).

In *Levine v. Wyeth, Inc.,* the Court noted "where a doctor's opinion extends beyond the facts disclosed during care and treatment of the patient and the doctor is specially retained to develop opinion testimony, he or she is subject to the provisions of Rule 26 (a)(2)(B)". 2010 WL 2612579 (M.D.Fla.).

A party must present a report for any expert witness that is "retained or specially employed to provide expert testimony

in the case or one whose duties as the party's employee regularly involve giving expert testimony." Fed. R. Civ. P. 26(a)(2)(B). The advisory committee for the 1993 amendment of Rule 26 explained in its notes that: "The requirement of a written report in paragraph (2)(B), however, applies only to those experts who are retained or specially employed to provide such testimony in the case... A treating physician, for example, can be deposed or called to testify at trial without any requirement for a written report."

Courts have generally followed the advisory committee's lead and ruled that a treating physician, testifying as to his consultation with or treatment of a patient, is not subject to the written report requirements of Rule 26. *See, e.g., Levine v. Wyeth, Inc.*, No. 8:01-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010) ("[B]ecause a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient."); *Baratta v. City of Largo*, No. 8:01-CV-1894-T-EAJ, 2003 WL 25686843, at *2 (M.D. Fla. March 18, 2003) (treating physician not required to provide a written report if his opinions are acquired through examination or treatment of patient rather than from information gathered outside the course

of examination or treatment). *See also Smith v. Jacobs Engineering Group, Inc.*, 2008 WL 2781149, at *2 (N.D. Fla. April 18, 2008) ("While Rule 26(a)(2)(B) focuses on experts who must file an expert report, by exclusion it contemplates that some experts may testify without filing reports. A treating physician is the quintessential example of an expert witness for whom no Rule 26(a)(2)(B) expert report is required."); *Vaughn v. United States*, 542 F. Supp. 2d 1331, 1336-37 (S.D. Ga. 2008) (ruling plaintiff was not required to provide expert report from treating physician); *Bengston v. Bazemore*, 2007 WL 3307204, at *2 (M.D. Ala. Nov. 6, 2007) (refusing to strike the affidavit of a treating physician who opined about the cause of the plaintiff's injury but did not provide an expert report); *Martin v. CSX Transp., Inc.*, 215 F.R.D. 554 (S.D. Ind. 2003) (permitting treating physician's opinions regarding causation and prognosis without written Rule 26 report); *McCloughan v. City of Springfield*, 208 F.R.D. 236, 242 (C.D. Ill. 2002) (treating physicians may offer opinion testimony on causation, diagnosis, and prognosis without the prerequisite of providing a Rule 26(a)(2)(B) report); *Sharpardon v. West Beach Estates*, 172 F.R.D. 415, 416-17 (D. Haw. 1997) (recognizing that opinions as to matters such as the diagnosis, prognosis and the extent of disability, if any, caused by the condition or injury "are

encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2) (B)."); *Piper v. Harnischfeger*, 170 F.R.D. 173, 175 (D. Nev. 1997) ("It is common place for a treating physician during, and as part of, the course of treatment of a patient to consider things such as the cause of the medical condition, the diagnosis, the prognosis and the extent of disability caused by the condition, if any. Opinions such as these are a part of the ordinary care of the patient and do not subject the treating physician to the extensive reporting requirements of Fed. R. Civ. P. 26(a)(2)(B)."); *Salas v. United States*, 165 F.R.D. 31, 33 (W.D.N.Y. 1995) (holding that five doctors called to testify regarding their treatment and "opinion[s] with respect to the injuries or illnesses sustained as they causally relate to this incident and his/her opinion as to permanency" were not subject to the more extensive expert-witness requirements of Rule 26(a)(2)(B)).

In *Fielden v. CSX Transportation, Inc.*, 482 F. 3d 866 (U.S.Ct.Appls.6[th] 2007), the Court noted that there was no evidence that the treating physician, Dr. Fischer, based his causation opinion on any source other than his treatment of Fielden's injury.   Therefore, compliance with Rule 26(a)(2)(B)

by the plain meaning of the language of the rule, was not required. *Id.*

Dr. Montoya's opinion as to causation could only be based upon his treatment because he was not requested, and did not review any other materials but his own medical records of his treatment of Plaintiff Robert Donaldson, those of the hospital where he treated Mr. Donaldson, and the imaging studies of Mr. Donaldson's brain injury. Therefore, according to the holding of the *Fielden* case, compliance with Rule 26(a)(2)(B) in providing a written report from Dr. Montoya is not required.

Moreover, in the case at bar, Donaldson's counsel forwarded to the U.S. a copy of the sworn deposition of Dr. Montoya in August of 2010 with the initial disclosure of information. This sworn deposition testimony was taken in the state court action that was thereafter removed to Federal Court by the U.S. Attorney. The state court deposition provided all of the testimony of Dr. Montoya, including expected opinion testimony regarding causation. By the admission of the Defendant's attorney at the recent pre-trial conference, Dr. Montoya's opinion testimony has not changed since this fully disclosed state court deposition. Thus, the Defendant in the case at bar has been on notice of the opinions of Dr. Montoya regarding treatment and causation.

Plaintiffs' counsel sincerely did not anticipate the Court may consider compliance required with Federal Rule 26 (a)(2)(B) for Dr. Montoya's opinion testimony based upon then-existing interpretations of the rule as previously cited in this memorandum. The submission of the state court deposition to opposing counsel was intended to serve as full disclosure of all discoverable information from Plaintiff's treating physician.

Plaintiffs request the Court to apply the Rule 26 amendment effective December 1, 2010, to the disclosure of Dr. Montoya's opinion testimony that Plaintiff provided in August 2010, and further find that Dr. Montoya's expert testimony both as to subject matter and as to a summary of facts and opinions about which he has testified in his deposition to be proffered in this civil action be deemed to have complied with Federal Rule 26(a)(2)(C). The order adopting the Federal rule amendment states the rule change may be applied to pending actions when "just and practicable."

Further, Plaintiff also requests the court to adopt the approach of the court in *Meyers v. National Railroad Passenger Corporation (AMTRAK), (7th Circuit, 2010)*. In *Meyers,* the Court stated, "Meyers presents no evidence, and we find none in the record, suggesting either doctor previously considered or determined the cause of Meyers's injuries during the course of

treatment." Dr. Montoya's deposition testimony and/or medical records in evidence establish that Dr. Montoya previously considered or determined the cause of Mr. Donaldson's injuries during the course of Dr. Montoya's treatment of Mr. Donaldson. Under the holding in *Meyers*, any opinions as to cause of the injury reached during treatment should be admissible. The *Meyers* court pointed out in footnote 3 of its opinion the Court's power to require a report from Plaintiff of Dr. Montoya's opinions if the government was in doubt about Dr. Montoya's opinions regarding causation.

Plaintiff also requests the Court to adopt the resolution of the issues that have been raised by the U.S. government's objection rendered May 3, 2011, by following the holding in Ninth Circuit Court of Appeals decision in *Goodman v. Staples The Office Superstore, LLC,* No. 10-15021, D.C. No. 2:08-cv-00445-JAT. The *Goodman* court held that when a treating physician morphs into a witness hired to render expert opinions that go beyond the usual scope of a treating doctor's testimony, the proponent of the testimony should comply with Rule 26(a)(2). However, because the law regarding these hybrid experts was not settled, and because treating physicians are usually exempt from Rule 26(a)(2) requirements, the *Goodman* court exercised its judicial discretion to apply this clarification prospectively.

The Plaintiffs in the case at bar would request such discretion be applied prospectively as well by this Court.

A treating physician may testify without a written expert report "if planned testimony was acquired not in preparation for trial, but rather because he was an actor or viewer with respect to transactions or occurrences that are a part of the subject matter of the lawsuit." *Baratta v. City of Largo*, No. 8:01-C1894-T-EAJ, 2003 WL 25686843, at *2 (M.D.Fla. Mar. 18, 2003)(internal citation and quotation marks omitted). "Because a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient." *Id.* at *3. As explained by the district court in *Baratta*:

> [T]he relevant question is whether the treating physician acquired his opinions as to the cause of injuries directly through treatment. If so, the treating physician need not file a written report. If the treating physician testified on information gathered outside of the course of treatment and the party does not file a Rule 26(a)(2)(B) report as to that testimony, it may be excluded.

*Id.* Thus, only when the nature and scope of the treating physician's testimony extends beyond the facts disclosed or opinions formed as a part of the treatment, Rule 26(a)(2)(B) requires an expert report from the treating physician.

Plaintiffs also contend if a written report was required and if compliance is not found by the Court, the Court should overrule the objections under its Rule 37 discretion. "The district court has broad discretion in deciding whether a failure to disclose evidence is substantially justified under Rule 37(c)(1)." *U.S. ex rel. Bane v. Breathe Easy Pulmonary Servs., Inc.,* No. 8:06-CV-40-T-33MAP, 2009 WL 92826, at 3 (M.D.Fla. Jan. 14, 2009).

In determining whether the failure to sufficiently disclose an expert witness is substantially justified or harmless, courts are guided by, inter alia, the following factors: "(1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence." *Id.* (quoting *Two Men & A Truck Int'l Inc. v. Residential & Commercial Transp. Co., LLC,* Case No. 4:08-CV-67-WS/WCS, 2008 WL 5235115, at 2 (N.D.Fla. Oct 20, 2008)). "The burden of establishing that a failure to disclose was substantially justified or harmless rests on the non-disclosing party." *Leathers v. Pfizer, Inc.,* 233 F.R.D. 687, 697 (N.D.Ga. 2006)(citations omitted)(emphasis added).

"Failure to disclose is 'harmless' where there is no substantial prejudice to the party entitled to receive the disclosure." *Poole v. Gee*, 8:07-CV-912-EAJ, 2008 WL 2397603, at *2 (M.D. Fla. June 10, 2008). The purpose of the "harmless" provision is "to avoid unduly harsh penalties in a variety of situations." Fed. R. Civ. P. 37 advisory committee notes.

Plaintiffs submit that these factors establish that any failure to timely disclose the opinions of causation by Dr. Montoya was harmless.

Defendant U.S. was reasonably apprised that Dr. Montoya would opine on the issues of permanency and causation by the disclosure of the state court deposition.

These are issues on which treating physicians routinely and customarily opine when their patients are in litigation.

> Treating physicians commonly consider the cause of any medical condition presented in a patient, the diagnosis, the prognosis and the extent of disability, if any, caused by the condition or injury. *Sharpardon v. West Beach Estates*, 172 F.R.D. 415, 416-17 (D. Haw. 1997) (stating that "[o]pinions as to th[o]se matters are encompassed in the ordinary care of a patient and do not subject the treating physician to the report requirement of Rule 26(a)(2) (B)."); *see also Piper v. Harnischfeger*, 170 F.R.D. 173, 175 (D. Nev. 1997) (finding no expert report required for opinions on matter such as causation, future treatment, extent of disability, and the like).

*Levine v. Wyeth, Inc.*, 2010 WL 2612579 (M.D.Fla.) at *1. *Accord Clair v. Perry*, 2010 WL 519952 (Fla. 4th DCA Feb. 16, 2011).

If Dr. Montoya's opinions as to causation were excluded, Plaintiff Robert Donaldson would be prejudiced in satisfying his burden to recover the full measure of his non-economic damages. *See Clair v. Perry*, 2010 WL 519952 (Fla. 4th DCA Feb. 16, 2011) (recognizing that treating physician offering testimony on permanency of plaintiff's injury was a "critical witness" and that plaintiff "would be substantially prejudiced in her ability to present her case" if the physician were not allowed to render opinion on permanency).

The fifth and final factor to guide the court in its analysis of whether the untimely disclosure was harmless is the non-disclosing party's explanation for its failure to disclose the witness. *See Bane*, 2009 WL 92826, at *3.

As discussed above, Dr. Montoya has been identified as a treating physician with relevant knowledge since the beginning of this case. He was identified in Plaintiffs' initial disclosures, in Plaintiffs' answers to interrogatories, and at Mr. Donaldson's deposition.

*See, e.g., Bane,* 2009 WL 92826, at *5 (denying motion to strike exhibits where failure to timely produce certain exhibits was, *inter alia*, "nothing more than an innocent mistake."). *See also* Fed. R. Civ. P. 37 Advisory Committee Notes to 1993 amendments (stating that the "harmless violation" provision was

"needed to avoid unduly harsh penalties in a variety of situations: *e.g.,* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties...."). Plaintiffs submit that the pertinent factors weigh heavily in favor of a conclusion that the failure to submit a Rule 26 report, if deemed required, was harmless.

During oral argument on the government's motion to limit the admissibility of Dr. Montoya's opinion testimony, the Court declined to grant Plaintiff a requested ore tenus motion for continuance of the trial to allow the government sufficient time to retain an expert to rebut the testimony of Dr. Montoya. Plaintiffs' counsel maintains that this could have been a reasonable solution to any claimed prejudice of the Defendant because of the unsettled issues regarding Rule 26(a)(2)(B) and considering that the subject case is scheduled to take a day before the Court.

At the pre-trial conference, Plaintiffs' counsel failed to request a second alternative remedy for the Court to this issue, which is to bifurcate liability from damages prior to the trial of Wednesday, May 18, 2011. The government's witnesses are both by deposition and are largely liability witnesses. If the Court were to bifurcate the liability issues, only Mr. Donaldson would be a witness physically present before the Court, and the trial

would be concluded as to liability in less than three (3) hours in Plaintiffs' counsel's estimation.

The Court would then conduct any damages trial, if a finding of liability against the government was found by the Court, after providing the government any and all opportunities to develop evidence to counter the opinion testimony of Dr. Montoya. The Court has that inherent authority to shorten the trial. This remedy would limit any claimed prejudice of the United States because it would have time to hire an expert, if necessary.

## CONCLUSION

The Court has the power to resolve the objections to Dr. Montoya's opinion testimony in a manner which preserves the rights of both parties to try the case on its merits. Plaintiffs request the Court to rule consistent with the use of the Court's judicial discretion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via U.S. Mail, postage prepaid to

Ralph E. Hopkins, Assistant U.S. Attorney, 501 West Church Street,

Suite 300, Orlando, Florida 32805 (Attorney for United States)

this 10th day of May, 2011.

DAVID BEERS, Esquire
Florida Bar No.  0209872
Beers and Gordon, P.A.
821 Douglas Ave., Suite 185
Altamonte Springs, FL 32714
407-862-1825 Telephone
407-862-9146 Facsimile
ATTORNEYS FOR PLAINTIFFS