**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ROBERT P. DONALDSON and KAREN T. DONALDSON,**

          **Plaintiffs,**

-vs-                                  **Case No. 6:09-cv-1049-Orl-28GJK**

**UNITED STATES OF AMERICA,**

          **Defendant.**
_____/

## ORDER

This cause is before the Court on Plaintiff's Motion for Reconsideration of Court Order Granting Defendant's Motion to Limit the Testimony of German Montoya, M.D. (Doc. 72).

During the final pretrial conference on May 5, 2011, I ruled that Plaintiffs would not be permitted to present testimony from Dr. German Montoya ("Dr. Montoya") regarding causation of the injuries to Plaintiff Robert Donaldson ("Mr. Donaldson") because no expert report from Dr. Montoya had been provided to the Government pursuant to Federal Rule of Civil Procedure 26(a)(2)(B). I did, however, leave the door open for Plaintiffs to submit authority on the issue, and my ruling was open to revisitation.

Plaintiffs have now submitted their motion for reconsideration, and I am persuaded that Plaintiffs should be allowed to present the testimony of Dr. Montoya—Mr. Donaldson's treating physician—even with regard to causation, so long as his opinion was formed during the course of treatment rather than as part of litigation preparation. Under those circumstances, no expert report is required, and thus no violation of Rule 26(a)(2)(B)

occurred.  See Goodman v. Staples The Office Superstore, LLC, No. 10-15021, 2011 WL 1651246, at *8 (9th Cir. May 3, 2011) ("[A] treating physician is . . . exempt from Rule 26(a)(2)(B)'s written report requirement to the extent that his opinions were formed during the course of treatment."); Fielden v. CSX Transp., Inc., 482 F.3d 866, 871-72 (6th Cir. 2007) (reversing trial court's exclusion of treating physician's causation testimony as a sanction for failure to provide expert report, concluding that "the plain meaning of Rule 26(a)(2)(B) indicates that [the plaintiff] did not need to file an expert report before [the physician] could testify on the issue of causation" and noting that the physician reached his causation conclusion at the time of treatment); Levine v. Wyeth, Inc., No. 8:09-cv-854-T-33AEP, 2010 WL 2612579, at *1 (M.D. Fla. June 25, 2010) ("[B]ecause a treating physician considers not only the plaintiff's diagnosis and prognosis, opinions as to the cause of injuries do not require a written report if based on the examination and treatment of the patient.").  It does not appear to be disputed that the opinions at issue were formed during the course and scope of examination and treatment.

Therefore, Plaintiff's Motion for Reconsideration (Doc. 72) is **GRANTED**.  Plaintiff will not be precluded from presenting testimony from Dr. Montoya on the issue of causation so long as Dr. Montoya's opinion was formed during the course of examination and treatment.

**DONE** and **ORDERED** in Orlando, Florida this 11th day of May, 2011.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record